**In the Matter of Douglas L. SHAW, Respondent.**

**No. 45S00–0812–DI–622.**

Supreme Court of Indiana.

May 28, 2009.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** While representing a client in a dissolution matter, Respondent engaged in a sexual relationship with her. While still representing her, he lent her $1,400 to pay her landlord, to be repaid at 10 percent interest if not repaid in a year, without advising her of the desirability of seeking independent legal counsel.

Facts in mitigation are: (1) the terms of the loan agreement were not unreasonable; (2) Respondent has made and will make no effort to collect on the loan; (3) the sexual relationship was short-lived and did not significantly impact the attorney-client relationship, and (4) the client is not the complainant in this proceeding. The parties cite no facts in aggravation

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.8(a)(2): Entering into a business transaction with a client unless the client is advised in writing of the desirability of seeking and is given reasonable op-

portunity to seek advice from independent counsel.

1.8(j): Engaging in a sexual relationship with a client unless it began prior to the representation.

**Discipline:** The parties agree the appropriate sanction is suspension from the practice of law for 30 days with automatic reinstatement. The Court, having considered the submissions of the parties, now APPROVES and ORDERS the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 30 days, beginning July 10, 2009.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the period of suspension, provided there are no other suspensions then in effect, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(4)(c).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, any hearing officer appointed in this case is discharged.

All Justices concur.